IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ASSOCIATION OF UNIT OWNERS OF
MARINA RIVERHOUSE,

        Plaintiff,

        v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

No. 3:11-cv-00307-MO

OPINION AND ORDER

**MOSMAN, J.**,

On March 19, 2013, the Court held oral argument in the above-captioned case. For the reasons stated on the record, I ordered as follows:

Defendant's motion to strike declaration of Ronald Vandehey [102] is DENIED.

Defendant's motion to strike declaration of Craig McIntyre [104] is GRANTED IN PART to the extent it relates to Dr. McIntyre's testimony regarding Jeffrey Morrell's opinions. It is otherwise DENIED.

Defendant's motion in limine to exclude expert opinion testimony [83] is GRANTED. On the basis of Mr. Vandehey's assumption of a linear decay model, I find that his opinion is not the product of "reliable principles and methods." Fed. R. Evid 702(c); *see also Daubert v.*

1 – OPINION AND ORDER

*Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Indeed, by stating that "you can't really reasonably model the decay" at oral argument, plaintiff's counsel effectively conceded this point.

Defendant's motion for summary judgment [79] is GRANTED. Although I find that the term "collapse" does not require downward movement in this policy, the subsurface water exclusion bars coverage. Furthermore, in light of my ruling on defendant's motion in limine to exclude expert opinion testimony, there is no genuine dispute as to whether the alleged "collapse" occurred prior to November 1999.

IT IS SO ORDERED.

DATED this   21st   day of March, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

2 – OPINION AND ORDER